UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

ROBERT LEAVELL MULLINS,
#582904,

    Petitioner,

v.

THOMAS BIRKETT,

    Respondent,
_____/

Civil No. 2:09-CV-12515
HONORABLE ANNA DIGGS TAYLOR
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Robert Leavell Mullins, ("petitioner"), presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In his *pro se* application, petitioner challenges his conviction and sentence for second-degree murder, M.C.L.A. 750.317; and possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

---

[1] When petitioner originally filed his petition for writ of habeas corpus, he was incarcerated at the Standish Maximum Correctional Facility, but has since been transferred to the Carson City Correctional Facility. The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254. Normally, the Court would order that the caption of the case be amended to reflect that the proper respondent in this case is Blaine C. Lafler, the warden of Carson City Correctional Facility, the current location of petitioner. However, because the Court is denying the petition, it will not do so in this case. *See Logan v. Booker,* No. 2007 WL 2225887, * 1, n. 1 (E.D. Mich. August 1, 2007).

1

## I. Background

Petitioner was originally charged with first-degree premeditated murder, first-degree felony murder, felon in possession of a firearm, and felony-firearm. Petitioner pleaded guilty to a reduced charge of second-degree murder and to the felony-firearm charge, in exchange for which the prosecutor agreed to dismiss the remaining charges. The parties further agreed that petitioner's minimum sentence would be twenty years on the second-degree murder conviction and that petitioner would be subject to a mandatory consecutive two year sentence on the felony-firearm conviction.

On December 15, 2006, petitioner was sentenced to twenty to sixty years in prison on the second-degree murder conviction and received a consecutive two year prison sentence on the felony-firearm conviction.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Mullins,* No. 281346 (Mich.Ct.App. December 28, 2007); *lv. den.* 481 Mich. 877, 748 N.W.2d 824 (2008).

Petitioner seeks a writ of habeas corpus. For purposes of judicial clarity, the Court will paraphrase the claims rather than recite them verbatim:

> I. Petitioner's right to due process was violated when the trial court permitted allocution by a non-victim at sentencing.
>
> II. Petitioner was deprived of his right to due process, when the trial court wrongfully assessed restitution.
>
> III. Petitioner was deprived of his right to due process when the trial court double counted the sentencing guidelines in fashioning a sentence.

IV. Petitioner was denied the effective assistance of counsel at sentencing.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

When a state court fails to adjudicate a habeas petitioner's claim on the merits, federal habeas review is not subject to the deferential standard contained in § 2254(d) and a federal court is required to review that claim *de novo. See Cone v. Bell,* 129 S. Ct. 1769, 1784 (2009); *See also McKenzie v. Smith,* 326 F. 3d 721, 726 (6th Cir. 2003). The Michigan Court of Appeals and the Michigan Supreme Court denied petitioner's applications for leave to appeal by form order. In this case, "there are simply no results, let alone reasoning, to which this court can defer. Without such results or reasoning, any attempt to determine whether the state court decision 'was contrary to, or involved an unreasonable application of clearly established Federal law,' 28 U.S.C. § 2254(d)(1), would be futile." *McKenzie,* 326 F. 3d at 727.

## III. Discussion

The Court will discuss petitioner's claims together because they are interrelated. In his first claim, petitioner contends that his due process rights were violated at sentencing when the trial court permitted the murder victim's aunt to make a statement at the sentence, because she did not qualify as a "victim", as defined by Michigan's Crime Victim Rights Act. In his second claim, petitioner contends that the trial court wrongfully ordered petitioner to pay restitution in the amount of $ 9,800.00 for the funeral costs. In his third claim, petitioner contends that the trial court erred in scoring two separate offense variables under the Michigan Sentencing Guidelines for the same conduct. In his fourth claim, petitioner contends that he was deprived of the effective assistance of counsel at sentencing, because trial counsel failed to object to these errors.

The Court initially notes that the prosecutor and petitioner agreed that petitioner would receive a minimum sentence of twenty years on the second-degree murder conviction and that petitioner would receive the mandatory consecutive two year sentence on the felony-firearm conviction. The trial court sentenced petitioner to twenty to sixty years in prison on the second-degree murder conviction and a consecutive two year sentence on the felony-firearm conviction. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993); *Gill v. Berghuis,* No. 2008 WL 1995096, *2 (E.D. Mich. May 6, 2008); *Drumm v. Warren,* No. 2005 WL 3107772, * 5

(E.D. Mich. November 18, 2005); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

Moreover, petitioner's sentences were within the statutory limit under Michigan law for the crimes of second-degree murder and felony-firearm. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne,* 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001).

In his first claim, petitioner argues that the sentencing court violated the Michigan Crime Victim Rights Act, M.C.L.A. 780.752, by allowing a non-victim to testify at his sentencing hearing.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)(*quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Errors in the application of state law are therefore not to be questioned by federal courts on habeas review of a state court conviction. *See Whittaker v. Lafler,* 639 F. Supp. 2d 818, 825 (E.D. Mich. 2009)(*citing Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990)). Petitioner's claim that the sentencing court violated the Michigan

5

Crime Victim Rights Act by allowing a non-victim to testify at his sentencing hearing is non-cognizable on federal habeas review, because the claim involves an alleged error of state law. *See Shamblen v. Smith,* No. 2009 WL 2135221, * 4 (W.D. Mich. July 15, 2009); *See also Blaich v. County of Putnam,* 852 F. Supp. 249, 250-51 (S.D.N.Y. 1994)(petitioner not entitled to habeas relief because victim's attorney, rather than victim, addressed state court at sentencing).

Petitioner next claims that he was deprived of his due process rights when the trial court assessed restitution for funeral costs in the amount of $ 9, 800.00, without any testimony or evidence to support such a finding.

Petitioner does not state a claim upon which federal habeas relief can be granted. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995). Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty as to warrant habeas relief. *Barnickel v. United States*, 113 F. 3d 704, 706 (7th Cir. 1997)(quoting *Tinder v. Paula*, 725 F. 2d 801, 805 (1st Cir. 1984)); *See also Flores v. Hickman,* 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008)(imposition of restitution order as part of California state sentence could not be challenged under habeas statute because restitution did not affect duration of habeas petitioner's state custody). Because the appropriate relief would be an amendment of the court's order of restitution and not release from custody, the grant of a writ of habeas corpus or other post conviction relief

would be inappropriate. *United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998).

Petitioner's current restitution order is not a sufficient enough restraint on his liberty so as to warrant habeas relief. Moreover, petitioner still has available state remedies if he is unable to pay this restitution. Under M.C.L.A. 780.766 (12), petitioner may at any time petition the sentencing judge or his or her successor to modify the method of payment and the sentencing judge may modify the method of payment if the court determines that payment under the order would impose a manifest hardship to the defendant or his family. In addition, M.C.L.A. 780.766(14) indicates that a defendant shall not be incarcerated for a violation of probation or parole for failure to pay the ordered restitution unless either the court or the parole board determines that the defendant has the resources to pay the ordered restitution and has not made a good faith effort to do so. If petitioner's parole was either extended or revoked due to his failure to pay restitution, he would then be "in custody" and this Court would have the jurisdiction to hear his claim. However, until such time, the threat that petitioner's liberty will be severely restrained is "too speculative to warrant the exercise of federal habeas jurisdiction." *Tinder*, 725 F. 2d at 806.

In his third claim, petitioner contends that the trial court erred in scoring two separate offense variables under the Michigan Sentencing Guidelines for the same conduct.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that the Michigan Sentencing Guidelines was incorrectly scored fails to state a claim upon which habeas relief can be granted. *Shanks,* 387 F. Supp. 2d at 752*; Cook,* 56 F. Supp. 2d at 797. "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score or in departing above his sentencing guidelines range alone would not merit habeas relief. *Id.; See also Kopsolias v. Davis,* No. 2007 WL 201024, * 2 (E.D. Mich. January 23, 2007).

In his fourth claim, petitioner contends that trial counsel was ineffective for failing to object to the sentencing errors.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the

Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. Second, the defendant must show that such performance prejudiced his defense. *Id*.

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988). "[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Arredondo v. United States,* 178 F. 3d 778, 788 (6th Cir. 1999). To establish a claim of ineffective assistance of counsel in the sentencing context, a defendant must show that:

> 1. counsel's representation fell below the objective standard of reasonableness; and;
> 2. there is a reasonable probability that, but for counsel's unprofessional errors, the result of the sentence would have been different.

*United States v. Harris,* 894 F. Supp. 20, 26 (D.D.C. 1995).

As mentioned above, the trial court sentenced petitioner to twenty to sixty years in prison on the second-degree murder conviction and to a consecutive two year sentence on the felony-firearm conviction, which was in conformity with the plea and sentence agreement entered into by the parties. In light of the fact that the trial court sentenced petitioner to the sentences that he agreed upon as part of the plea and sentence bargain,

9

petitioner is unable to establish that counsel was ineffective for failing to object to the victim's aunt testifying at the sentencing or to the scoring of the sentencing guidelines. *See Whitaker v. U.S.,* 186 Fed. Appx. 571, 573-74 (6th Cir. 2006); *See also U.S. v. Smith,* 143 Fed. Appx. 559, 561 (5th Cir. 2005).

Regarding counsel's failure to object to the amount of restitution imposed by the trial court, petitioner has offered no evidence or argument to establish that the amount of restitution imposed in this case was inaccurate. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 685 (E.D. Mich. 2003). Because petitioner does not offer any argument as to what counsel could have done to obtain a different result at sentencing with respect to the amount of restitution, he is not entitled to habeas relief on this portion of his ineffective assistance of counsel claim. *See Dorchy v. Jones,* 320 F. Supp. 2d 564, 581 (E.D. Mich. 2004).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473,

483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having conducted such a review, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted in this case nor should petitioner be granted leave to proceed on appeal *in forma pauperis* as any appeal would be frivolous. *See* Fed. R.App. P. 24(a).

## V. ORDER

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

The Court further **DENIES** a certificate of appealability.

The Court further **DENIES** petitioner leave to appeal *in forma pauperis*.


DATED: March 4, 2010                           s/Anna Diggs Taylor
                                               ANNA DIGGS TAYLOR
                                               UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 4, 2010.

Robert Mullins, #582904
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

s/Johnetta M. Curry-Williams
Case Manager